IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LORI STOIN FREEMAN, )<br>)<br>Defendant. ) | 1:16-CR-139-2 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release. (ECF Nos. 57 and 58.) The Government filed a response opposing Defendant's motion. (ECF Nos. 62 and 63.) Defendant replied. (ECF Nos. 64 and 65.) The Court, having considered the arguments of the parties, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) weigh heavily against any reduction. Accordingly, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 57), will be denied.

**I. BACKGROUND**

Defendant pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (ECF No. 50 at 1.) Defendant had a total offense level of 37 and a criminal history category I for a sentencing guideline range of 210 to 262 months' imprisonment. (ECF No. 61 at 5-6.) On December 22, 2016, the Court sentenced Defendant

to 210 months' imprisonment. Defendant is also serving a state sentence for attempted first-degree sex offense with a child in violation of N.C. Gen. Stat. § 14-27.4 involving the same victim as the instant offense.[1] (ECF. 57-2 at 1.) Defendant is currently 51 years old and her projected release date on the federal conviction is December 13, 2030.[2]

## II. ARGUMENTS OF THE PARTIES

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1) and argues her health places her at higher risk from Covid-19. (ECF No. 57 at 5.) She says she has a high Body Mass Index ("BMI"), a thyroid disorder, and a history of smoking. (*Id.*) She says she previously "tested positive for Covid and over a year later continues to suffer from the long term [*sic*] effects." (*Id.* at 5.) Defendant also argues "she was sentenced excessively based on criminal history levels pertaining to the same conduct and offense in the instant offense." (*Id.*) She contends the state conviction was counted as prior conduct in sentencing her on the instant conviction and she was not properly credited time in state custody. (*Id.* at 6.) She asks for her sentence to be reduced to "time served or 180 months." (*Id.*)

The Government opposes the motion. It argues with respect to her claims about her health and the risk from Covid-19, that she fails to show an extraordinary and compelling reason to modify her sentence. (ECF No. 62 at 7-8.) The Government also asserts that even if she could show an extraordinary and compelling reason, the § 3553(a) sentencing factors

---

[1] The state court judgment was entered on January 6, 2017. Defendant was sentenced to 175 to 270 months' imprisonment, to run concurrently with Defendant's sentence in this federal case. (ECF No. 57-2 at 1-3.)

[2] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Mar. 10, 2025) (enter "33350-057" in BOP Register Number field).

2

weigh against release. (*Id.* at 8.) With respect to Defendant's arguments about her sentence being excessive based on improperly calculated credits or other factors, the Government asserts this issue was never exhausted and that it lacks merit. (*Id.* at 12.)

### III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section § 3582 requires a party to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant has submitted a document showing she made a request for compassionate release based on the risk of Covid and her underlying health conditions, (ECF No. 58-1 at 1), and the Government agrees Defendant has exhausted administrative remedies regarding her arguments for compassionate release on this basis. (ECF No. 62 at 5.) The Court, may, therefore, proceed to the merits of that argument. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

However, with respect to Defendant's arguments that her sentence is excessive because time was not properly credited or otherwise attacking her sentence as improper, the

3

Government asserts the issues were never exhausted. In an Order entered on October 27, 2022, the Court acknowledged Defendant's arguments attacking her sentence, and recognized such claims must first be exhausted with the Bureau of Prisons ("BOP") and thereafter a defendant may seek judicial review pursuant to 28 U.S.C. § 2241. (*See* ECF No. 60 at 1-2 n.1.) There is no information that shows these sentencing issues were raised in an administrative filing. Therefore, any arguments attacking Defendant's sentence as excessive for failing to properly credit her sentence or otherwise attacking her sentence as improper are not properly before the Court. The issues must first be exhausted in an administrative filing, and thereafter, if desired, Defendant may seek judicial review as described in the Court's October 27th Order.

### A.     Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

A risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of Covid-19 is higher in prison than outside of it, and that [her] preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th

122, 128 (4th Cir. 2023).) "[A] generalized fear of contracting Covid-19 does not constitute an extraordinary and compelling reason for compassionate release." *United States v. McCain*, No. 06:CR203-1, 2023 WL 7385546, at * 8 (M.D.N.C. Nov. 8, 2023). The Sentencing Commission policy advises that an inmate seeking such relief must show an outbreak of an infectious disease or public health emergency which "due to personal health risk factors and custodial status" place a defendant at increased risk of severe complications or death. U.S.S.G. § 1B1.13(b)(1)(D). The Sentencing Commission policy statement also recognizes that compassionate release may be appropriate if a defendant is suffering from a serious medical condition or declining health that "substantially diminishes the ability of the defendant to provide self-care" within prison or is suffering from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B) and (C). U.S.S.G. § 1B1.13(b)(1). As discussed below, Defendant has failed to show any of these circumstances.

The prison records reflect that Defendant suffers from hypothyroidism and has a BMI of over 40 which places her in the category of "morbid obesity." (ECF Nos. 58-2 at 1, 63 at 5, 26.) However, there is no allegation by Defendant that she has not received adequate treatment for her thyroid issue or other health concerns. The records demonstrate she is receiving care for her medical conditions while in BOP custody, including labs to monitor her conditions and medicine for her hypothyroidism. (*See, e.g.*, ECF No. 63 at 1, 5, 12, 24, 38, 51.) Her conditions appear to be adequately managed. Obesity and smoking are conditions

recognized to potentially increase the risk from Covid-19.³ However, Defendant has been vaccinated and received a booster shot against Covid-19, (*id.* at 47, 64-65), mitigating her risk from the Covid virus. *See Davis*, 99 F.4th at 655-56.

The medical records confirm Defendant was diagnosed with Covid in 2021. (ECF No. 63 at 12.) However, as Respondent contends, medical records from several weeks after the diagnosis indicates the infection was resolved. (*Id.* at 34.) Defendant disagrees with this characterization of her recovery and in her reply she states that "[t]he doctor[']s note 2 weeks after her recovering from Covid-19 does not dictate the long term effects that she is experiencing. Her complaint at that time did not pertain to Covid related issues." (ECF No. 64 at 2.) She claims she continues to suffer long term effects from the infection such as shortness of breath and chest pains and must sleep in an elevated position to breathe properly. (ECF No. 57 at 5.) However, she concedes she has not sought treatment for any long-term symptoms or effects from Covid. (ECF No. 64 at 3.)

Defendant generally asserts that if she had complained about her long Covid effects "her concerns would not have been addressed. The medical staff is not adequate nor is the facility equipped for the capacity of the prison." (*Id.*) She makes this blanket allegation but does not identify how the medical care at the facility is inadequate. Most significantly, she does not allege any inadequacies or concerns with her medical treatment. Nor does she allege the lingering effects from Covid-19, or her other health conditions impact her ability to care

---

³ *See* https://www.cdc.gov/covid//hcp/clinical-care/underlying-conditions.html (last visited Mar. 10, 2025).

for herself in the prison setting or require "specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(C).

Defendant has also failed to show she is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D). The general Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[4] Defendant is incarcerated at FCI Tallahassee, and the available data shows it does not currently have any open cases of Covid-19.[5] Defendant has failed to identify an increased risk at her facility or suggest she would be in a better position if released. Accordingly, Defendant has failed to show an extraordinary and compelling circumstance based on her health conditions or the risk from Covid-19 that warrants a modification of sentence.

### B.  18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason supporting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history,

---

[4] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

[5] *See* https://www.bop.gov/about/statistics_inmate_covid19.jsp (last visited Mar. 3, 2025, and data last updated Jan. 21, 2025.) Facility code for FCI Petersburg is PEX.

the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity "among defendants with similar records who have been found guilty of similar conduct," and other sentencing considerations weigh in favor of relief. *Id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). The "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when considering "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

Defendant argues she has been imprisoned for many years without a disciplinary infraction, has maintained a prison job as a tutor, and has participated in over 1000 hours of "recidivism reduced programming." (ECF No. 64 at 4.) She asserts she is not asking to be immediately released because if granted a reduction she must still serve time on her state sentence. (*Id.*) Defendant argues in both her original filing and her reply that the disparity between her sentence and other defendants convicted of similar offenses weighs in favor of a reduction. (ECF No. 57 at 6, ECF No. 64 at 3.)

The Court recognizes Defendant has maintained good behavior, taken steps to improve herself, and made positive contributions while incarcerated. The records indicate she has worked in the education department in prison and participated in many BOP courses which demonstrates a commitment towards rehabilitation. (ECF No. 57-3 at 1-2.) However, the Court finds that other § 3553 factors weigh heavily against a reduction in sentence.

8

Defendant argues that modification is warranted to avoid sentencing disparity, but none of the cases or circumstances she cites evidence disparity in sentencing "among defendant with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Defendant's case is distinguishable from the cases she relies on to show a disparity. For example, Defendant cites to *United States v. Vanlaar*, Case No. 1:13-CR-119, 2022 WL 2290618 (M.D.N.C. June 24, 2022), in support of her argument her sentence should be reduced, noting a reduction in sentence was granted in the *Vanlaar* case. However, there are numerous distinctions between Defendant's case and *Vanlaar*. The defendant in *Vanlaar* was convicted of sharing, but not creating, pornographic images and there was no evidence he had "ever engaged in illegal touching of a child or that he ever solicited the creation of child pornography . . . ." *Id.* at *5. In *United States v. McDaniel*, Crim. Action 2:19-00023, 2022 WL 3329929 (D.W. Va. Aug. 9., 2022), the defendant was convicted of possession, not creation, of child pornography, and with a total offense level of 30, faced a mandatory minimum sentence of 10 years. *Id.* at *1. This contrasts with Defendant's conviction for creation of pornography (of her own disabled non-verbal daughter), a crime with a mandatory minimum statutory sentence of 15 years and her total offense level of 37. (ECF No. 34 at 23, 33.) Other cases cited by Defendant to show a disparity in sentencing are similarly unpersuasive.

The circumstances of Defendant's case, a mother creating pornographic materials of her own non-verbal special needs daughter to share with a pedophile, warrant her 210-month sentence. As the Court noted at sentencing, the case was "absolutely horrendous" and "one of the worse cases that I have sentenced since I have been on the bench." (ECF No. 61 at 13.) The "child was vulnerable, and that child depended on its mother to protect her," *id.*, yet

Defendant exploited the child for the gratification of a pedophile and herself. At sentencing, Defendant received a sentence at the low end of the guideline range, and the Court determines any lesser sentence would not be sufficient to reflect the seriousness of the crime and the harm suffered by the victim at the hands of her mother. Accordingly, the Court, in its discretion, determines the nature and circumstances of the crime, the need for the sentence to reflect the seriousness of the crime, and the need for a sentence to find just punishment all weigh against granting a reduction of sentence. A reduced sentence would not satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a)(2).

For the reasons state above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 57), is **DENIED.**

This, the 13th day of March 2025.

/s/ Loretta C. Biggs
Senior United States District Judge